Please be seated. Would the clerk call the next case, please? 312-0976, People of the State of Illinois, Appalachia, by Justin Nicolosi v. Christopher Pyles, Appalachia, by Tomas Gonzalez. Mr. Gonzalez, good afternoon. Good afternoon, Your Honor. May I proceed? Yes. Good afternoon, Your Honors. May it please the Court. Again, Tomas Gonzalez on behalf of the appellant Christopher Pyles. The circuit court erred in summarily dismissing Christopher Pyles' post-conviction petition where he raised non-frivolous claims that had not been previously litigated due to the ineffectiveness of private counsel who filed a late motion to withdraw the guilty plea, thereby extinguishing his right to appeal. And the same attorney also filed that post-conviction petition. In this particular petition, Pyles alleges three non-frivolous claims. The first one being that guilty plea counsel was ineffective to the guilty plea proceedings after she had been informed that a private counsel had been retained. Second, that the attorney guilty plea counsel was ineffective for pressuring him into pleading guilty with the threat of this death penalty hanging over his head. And number three, for refusing to file a motion to withdraw his plea shortly after he entered it, which again denied him his right to the direct appeal. At some point, a private attorney came on and was retained and rendered his own ineffectiveness by missing the deadline for preserving his right to appeal by filing a frivolous and untimely 604D motion that had zero chance of success because the court had lost jurisdiction. Furthermore, in that particular motion, he focused solely on the defendant's fitness, which had been thoroughly discussed and had been thoroughly litigated. And Mr. Pyles acknowledged that he was fit and without taking the medication. This same private attorney continued his ineffectiveness where he files essentially the same claim in his first post-conviction petition, which again focused on fitness. And the only thing he added was Mr. Pyles hadn't been admonished regarding the correct sentencing range to the armed robbery, which really didn't matter because that had been nulled. The particular claim for fitness again had been already litigated. So none of the claims in the instant petition were raised and there was nothing in the record to even indicate that this private counsel had consulted with Mr. Pyles before filing that first petition on his behalf. Also, this same particular attorney, his ineffectiveness in filing the frivolous 604D motion and his unreasonable insistence in filing the earlier PC created a significant deficiency in the prior proceedings to establish cause of prejudice for allowing this particular petition. With respect to prejudice, we submit it was established because, again, the instant claims have arguable merit, number one, and because private counsel's ineffectiveness, this is Mr. Pyles' first opportunity to litigate these instant claims on the merits. So this does have some parallels to Martinez to the extent that here, Mr. Pyles could not have challenged his guilty plea counsel's performance sooner because, number one, they were based on matters outside the record, and number two, private counsel blew the deadline for filing the 604D motion and then failed to challenge guilty plea counsel's performance in the earlier petition. The state does take issue with the timing of the affidavits and the phone records. However, that should have no bearing on the issue where counsel's performance on the first petition, and counsel being the same attorney who had filed that frivolous 604D motion, was ineffective in both proceedings. So Martinez, the state also takes exception with Martinez to the extent that their position is that it doesn't apply here because Martinez was limited to federal habeas, and I don't think Martinez can be read that strictly. Because the Illinois Supreme Court has regularly relied on habeas cases in interpreting and applying the Post-Conviction Hearing Act, the most notable case being Pitzenberger, where they adopted Strickler v. Green, and another one being Flores that adopted McCleskey v. Zant, and those are all predicated on habeas law and speaking to cause and prejudice, this very issue. I think the bottom line here with respect to Martinez is in this case, like in Martinez, there was no opportunity simply to present these claims sooner due to private counsel's failings and deficiencies in filing the frivolous 604D motion and his failure to challenge guilty plea counsel's, in other words, failing to litigate the very issues that Mr. Powell is trying to be heard on now. So Mr. Gonzalez, are you saying, are you arguing that cause is the ineffectiveness of his privately retained counsel? Yes, his ineffectiveness, again, when he first had the opportunity, or I should say, for filing the frivolous 604D motion. So he was brought in, like I said, he knew the moment he was retained, apparently from the record, that Mr. Powell wanted to attack this guilty plea. So what counsel does is way beyond the deadline, I think 66 days beyond that, files this frivolous 604D motion that just strictly focuses on his mental state for not taking the meds, which that very issue was discussed thoroughly before the guilty plea was accepted. So I think the peculiarity here is the fact that this, again, is the same private attorney who represented him on the first petition, happened to be also the same attorney who filed this frivolous 604D motion. And there lies the ineffectiveness and there lies what we allege to be the cause. Okay, and the prejudice because he's never had a chance to be heard on these issues before. I mean, this would really be his only opportunity, like Martina speaks to, whether or not this forecloses any chance of him being heard on the merits in a state court. I'm not sure. It may be that there are cases out there, and I just am not familiar with them, which is way not beyond the realm of possibility. But usually when we hear cases about cause, there's some external reason why the case hasn't been able or the claim hasn't been able to be brought. I'm not familiar with a case that says that the fact that the attorney screwed up is cause. Well, I guess that's why we're relying on Martina's. Because, again, Martina speaks to deficiencies in the first post-conviction proceeding. You're saying that that's what Martina's holds. Yes, and we're arguing, we submit that there's a strong parallel there because we have the same deficiency in our first post-conviction proceedings through the fact that it was that same post-conviction counsel who filed this frivolous 604-D motion, who did nothing to challenge guilty plea counsel's ineffectiveness when he had a chance to do so. And by the time he had filed that first post-conviction petition, it's not like he can allege his own ineffectiveness for filing that frivolous 604-D motion. So it's a peculiar sequence of events we submit, but it's also, I think it's a strong enough parallel because Martina's does speak to lost opportunity. It speaks to a defendant being able to have his claims heard in a state court. And I know the state takes issue with the fact that Martina's involved with a habeas, but again, it applies to, I think the biggest holding and the biggest takeaway from Martina's is that it excuses defaults of ineffective assistance of counsel claims that were caused by deficient counsel in the initial PC, which is what we're saying happened here. And it also applies to claims with no meaningful opportunity to raise on direct appeal, which, again, we don't have because no 604-D motion or no timely one was filed on his behalf. And then, again, the same attorney had the opportunity to raise it in the first post-conviction petition, did nothing to raise it. Let me see if I understand your argument. You're saying that privately retained counsel was ineffective by failing to allege the appointed counsel was ineffective for purposes during the trial court proceedings on the guilty plea? On two fronts. First of all, for filing this frivolous 604-D motion 66 days late. I know you think it's frivolous, but it seems to me it was a pretty quick way to get the judge's attention. The allegation was the public defender was not responding to your client's request to file a post-trial motion. And so retained counsel got it in front of the trial court judge as soon as possible. Well, I think frivolous to the extent that 604, it's a pretty strict rule. I mean, once you're past the deadline, you're past the deadline. I mean, I know you used terms like earliest. I forget the exact phrase you used, but then you said in the interest of justice. And just, I mean, there was no chance of... I didn't call it frivolous. And, you know, I'm not sure I agree, but... Okay. Baseless, you think, was there no merit? Well, no merit to the extent that it had no chance of success. That there was no exceptions. I mean, it's a... But then retained counsel did file a post-conviction petition. He did. And you're alleging he was ineffective because... Because, again, he did not attack guilty plea counsel's performance for not following up. Now, the allegations in this petition speak to guilty plea counsel for, number one, not allowing him to substitute counsel, not allowing him to... and not abiding by his wish to have the guilty plea withdrawn almost immediately after he entered it. Now, I acknowledge that the record does leave a lot of... or at what point did the family get a hold of him and all that stuff. But we submit that's the whole purpose of the subsequent proceedings. Those are questions that should be answered later in further proceedings. I think in terms of what Hodges requires in the initial petition, which we submit that based on Martinez and based on the inadequacies in the earlier proceedings, this really should be treated like a first post-conviction petition because Mr. Pylos had never had an opportunity before to even be heard on this, much less litigated. Okay. So I really want to understand the issue that he hasn't been heard on. What's the issue? The three, again, three claims that he raises here, which is guilty plea counsel's ineffectiveness for threatening with a death penalty, guilty plea counsel's ineffectiveness for doing nothing when she was informed or proceeding with the guilty proceedings after she had been informed that private counsel was being retained, and then thirdly, for not following up and filing this motion to withdraw a guilty plea once Pylos made it known or tried to make it known to her that I want to withdraw. Okay. There are inconsistent pleadings here because the first frivolous motion alleges she didn't respond when he tried to contact her. She didn't know. And now this successive post-conviction petition, you're alleging she knew but she didn't act. Well, I remember the affidavits came from various family members. Okay. All right. Yeah. I think I understand your theory. Okay. Yeah, but they came from various family members, and I guess that's where the further proceedings, I think that would be a more appropriate forum to address those questions. Counsel has two minutes. Okay. Again, there's just one last point I want to make regarding Martinez and its applicability here. Well, again, we submit that state courts have the same equal obligation to vindicate constitutional rights as do the federal courts. So unless there's any further questions, I would just summarize by saying because counsel on the first petition was the same counsel who amended ineffective assistance on the motion to withdraw a guilty plea and Piles never had the incentive claims considered on the merits, this court should reverse the circuit court's order and remand this cause for second stage proceedings. Thank you. Thank you. Mr. Nicolosi, while you were making your way to the podium, I forgot to say at the beginning that Justice Holder, just the third member of the panel for this case, he was not able to be here today. He will be listening to the tapes and participating in the discussion and also will be part of the decision. Good afternoon, Your Honors. May it please the Court, Counsel. Your Honors, I am of the opinion that this case is actually very, very simple. There are three claims that the defendant raised in his successive PC and in his motion for leave to file the successive PC. Those claims are discussed on appeal, and there is one claim that is discussed only on appeal and isn't contained anywhere in the successive post-conviction petition or the motion for leave to file said petition. I'm going to start there. The issue that the defendant raises on appeal and nowhere else is that initial post-conviction counsel was inadequate, ineffective, I don't know if that's the right word, ineffective or inadequate. That's not raised in his successive PC or in his motion for leave to file, and you can't raise an issue for the first time on appeal. What we're here to discuss is whether or not the trial judge properly dismissed or denied his motion for leave to file appeal. The judge can only use what's in the documents provided in the record to make such a decision. The trial judge was not informed that there was any issue of successive, first, I'm going to get these attorneys all confused the whole time, to get his initial post-conviction counsel's ineffectiveness. That issue was never before the judge. I don't see how this court or why this court should consider that on appeal for the first time. And counsel is arguing that Martinez v. Ryan should salvage these claims under the umbrella of the ineffectiveness of first post-conviction counsel. And as I wrote in my brief, I submit here again that Martinez does not have such a holding. Whatever Martinez does or does not say, one thing it definitively does not say, is that a reviewing court can consider claims that are not raised in a petition. This issue again of first post-conviction counsel's ineffectiveness was not raised in a petition. Therefore, it should not be considered here. The three claims that the defendant does raise in his successive post-conviction petition were properly denied because the defendant cannot meet the cause and prejudice test for any of the three claims. First claim was whether guilty plea counsel was ineffective for proceeding with the plea after family members told her not to, basically. And of course, there's no cause because this occurred in 2005. This issue was raised in 2012 in his successive PC. There's no reason presented why he didn't know about this information before. He couldn't get affidavits from family members before. It took seven years to get these affidavits from immediate family members. There's no reason this claim couldn't have been brought before. And of course, there's no prejudice here because the record shows that there's no evidence the defendant wanted counsel out. During the little colloquy between the trial judge and the defendant before the plea was accepted, the defendant made it clear that he wanted to plead guilty. He wanted to proceed. He understood what was happening. He was healthy. And of course, that he was okay with his counsel, that he was satisfied with counsel's services. The record shows that he wanted to plead guilty. He wanted to proceed with his current attorney. Claim number two was that a guilty plea counsel was ineffective for coercing the defendant to plead guilty. Again, no cause here. This could have been raised in the previous seven years. And certainly no prejudice on this one. This is the clearest of them all because, again, as I just went over on claim one, the record is abundantly clear that this is the defendant wished to plead guilty. Claim number three was that the guilty plea counsel was ineffective for failing to timely file a motion to withdraw. Again, just like the other ones, no cause because this claim clearly could have been raised at some point before a successive post-conviction petition. With that, again, the people stressed once again, I don't think it can be stressed enough, that this issue is the issue of whether or not initial post-conviction counsel was effective, has been forfeited because it was not raised. And as a result, none of the other three claims actually made in the successive PC, none of them survived because they all could have been raised at a previous time, at a previous proceeding. So the people respectfully request that this court affirm the denial of defendant's motion for leave to file a successive PC. If there are any other questions, I'd be happy to answer them. Thank you, Mr. Nicolosi. Mr. Gonzalez, any rebuttal? Okay, again, I'll be brief here. Regarding the comments on the issue not being raised in the successive PC, Martinez doesn't address that. Martinez doesn't hold that it has to be alleged in the successive petition. I think the whole basis of Martinez speaks to looking at the first proceedings and looking for whatever deficiencies may be there and determining whether or not some constitutional rights need to be vindicated because there's a deficiency there. So, again, we submit that there is a deficiency. Regarding the 214.01, I think that's what counsel meant to refer to when he talked about some of these claims being raised there. Well, first of all, that is true. Pius did raise the coercion issue in the 214.01, but 214.01 has no bearing on this issue for two reasons. One, it wasn't addressed on the merits. The 214.01 was dismissed strictly on timeliness basis. And number two, ineffective assistance. It's been held that ineffective assistance of counsel claims aren't grounds for 214.01 anyway. So I don't think that that has any bearing or shouldn't have any bearing on the claims he now makes. Regarding what the record shows or doesn't show regarding the coercion and regarding the pressure, well, one thing in the initial stage is that anything that's well pledged should be taken as true. And the one thing that he does say is that family members tried or that this counsel wasn't informed. He also says that there was some, or he certainly very strongly implies, but he basically alleges that pressure was put on him notwithstanding the admonitions before this plea was taken, that pressure was put on him with this death penalty. So, I mean, coercion, I mean, that could amount to a number of things. We certainly think that there's enough factual basis or that it raises some question, at least enough to warrant further proceedings to basically get to the bottom of it and find out what this coercion entailed. And there was no discussion on the merits to any of this stuff, and this is the first opportunity for Mr. Piles to get this litigated and to be heard on the merits. Unless the court has any more questions, we will maintain our position that this should be remanded for further stage two proceedings. Questions? No more. Thank you. Thank you. We thank both of you for your arguments this afternoon. We'll take the matter under advisement and we'll issue a written decision as quickly as possible. The court will now stand in brief recess for a panel change.